THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE No. 1:11cv316
[Criminal Case No. 1:06cr252-2]

| | |
|---|---|
| JACQUES JACKSON, ) | |
| Petitioner, ) | |
| vs. ) | **O R D E R** |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. [Doc. 1].

Based upon the recent ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)[1], Petitioner appears to argue that he does not have the necessary convictions to qualify him as a Career Offender under § 4B1.1 of the U.S. Sentencing Guidelines. While it is far from clear that Petitioner is entitled to any relief, after a review of the Motion and case file, the

---

[1] In Simmons, the majority of the en banc panel of the Fourth Circuit decided that United States v. Harp, 406 F.3d 242 (4th Cir. 2005) was overruled by the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). The Simmons Court concluded that the evaluation of whether a particular prior offense was a felony must focus on the maximum sentence for which the particular defendant was eligible, in light of his criminal history, rather than the maximum sentence that could have been imposed on a defendant with the worst possible criminal record.

undersigned finds that the United States Attorney should file an Answer detailing and responding to Petitioner's claim. Furthermore, the Court directs the Government to address the question of whether Petitioner's Motion was timely filed.

**IT IS, THEREFORE, ORDERED** that no later than thirty (30) days from the filing of this Order, the United States Attorney shall file an Answer to Petitioner's Motion to Vacate.

**IT IS SO ORDERED.**

Signed: December 15, 2011

Martin Reidinger
United States District Judge