# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Civil Case No. 1:11-cv-00316-MR
# [Criminal Case No. 1:06-cr-00252-MR-2]

| | |
|---|---|
| JACQUES ROBERT JACKSON, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1].

## I.  FACTUAL BACKGROUND

On December 20, 2006, Petitioner and a co-defendant were charged with one count of conspiracy to commit robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count One). Petitioner also was charged with knowingly possessing and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three) and possession of ammunition after having been convicted of a felony, in

violation of 18 U.S.C. § 922(g)(1) (Count Five). [Criminal Case No. 1:06-cr-00252-MR-2, Doc. 22: Superseding Indictment].

On February 26, 2007, Petitioner and the Government entered into an Amended Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One and Three and the Government agreed to dismiss Count Five. [Id., Doc. 32: Amended Plea Agreement at 1]. Petitioner pled guilty to these charges on February 26, 2007. [Id., Doc. 34: Acceptance and Entry of Guilty Plea].

On October 3, 2007, the Court sentenced Petitioner to 130 months' imprisonment on Count One, and a consecutive term of 120 months on Count Three. [Id., Doc. 48: Judgment in a Criminal Case]. Petitioner did not file a direct appeal from this Judgment.

On August 2, 2012, the Court granted a motion by the Government to reduce Petitioner's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. [Id., Doc. 53: Order]. The Court entered an Amended Judgment on August 13, 2012, reducing Petitioner's sentence on Count One to 70 months' imprisonment; Petitioner's sentence on Count Three remained unchanged. [Id., Doc. 54: Amended Judgment in a Criminal Case]. Petitioner did not file a direct appeal from this Amended Judgment.

In Petitioner's Section 2255 motion, filed November 21, 2011, he contends that he is entitled to be resentenced based on the Fourth Circuit's decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc). Specifically, Petitioner asserts that the decision in <u>Simmons</u> has rendered his sentence invalid because his state court convictions for drug offenses are no longer properly considered felonies under the holding in <u>Simmons</u>. Consequently, Petitioner asserts, his sentence should be vacated and he should be resentenced without consideration of the prior state convictions. [Doc. 1 at 4, 12, 15].

The Government responds by asserting the affirmative defense of the one-year statute of limitation as provided in 28 U.S.C. § 2255(f), and moves the Court to dismiss the Section 2255 motion as untimely filed. [Doc. 7].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final ten (10) business days following the entry of the Judgment by the Clerk of Court on October 3, 2007. See Fed. R. App. P. 4(b) (2007); see also Clay v. United States, 537 U.S. 522, 530, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (judgment becomes final when time for direct appeal expires). Petitioner contends that his Section 2255 motion is timely under § 2255(f)(3) because it was filed within one year of the date the Fourth Circuit filed its en banc decision in Simmons. Petitioner's claim, however, is not timely under (f)(3) because that subsection requires filing within one year of a new Supreme Court precedent that is made retroactive to cases on collateral review. Simmons is a decision of the Fourth Circuit, not the Supreme Court, and while the rationale of Simmons was based on the Supreme Court's ruling in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577, 177 L.Ed.2d 68 (2010), the Fourth Circuit has held that Carachuri-Rosendo does not apply retroactively to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012); ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively

5

applicable to cases on collateral review."); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").[1] Since Simmons and Carachuri-Rosendo have no retroactive application to cases on collateral review, these cases avail Petitioner nothing. Petitioner's claim is without merit and must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

---

[1] In any event, Petitioner did not file his Motion to Vacate until more than one year after the Supreme Court's decision in Carachuri-Rosendo.

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 29, 2013

Martin Reidinger
United States District Judge